Nov. Term,
1853.

HOLTZCLAW
v.
THE STATE.

</div>

---

HOLTZCLAW *v.* THE STATE.

An examining magistrate could require two or more persons to enter into a joint recognizance to appear and answer to an indictment for murder, when the law authorized a joint trial of persons charged with being jointly concerned in the commission of that crime.

ERROR to the *Jefferson* Circuit Court.

PERKINS, J.—*Scire facias* on a forfeited recognizance.

Pleas, 1. *Nul tiel record.* 2. "That before entering into said recognizance, the said *Eli Holtzclaw, Thomas Holtzclaw, Henry Holtzclaw*, senior, and *Henry Holtzclaw* junior, were arrested upon a warrant issued by *Milton Stapp*, mayor and justice as aforesaid, to-wit, on the 10th day of *June*, 1851, upon a charge of murder, and were then and there tried upon said charge before said mayor, who then and there found the said *Henry Holtzclaw*, junior, *Thomas Holtzclaw* and *Eli Holtzclaw* guilty of said charge,

<div style="text-align:right">

Saturday,
December 31.

</div>

Nov. Term,
1853.

HOLTZCLAW
v.
THE STATE.

and held them to bail in the joint sum of 5,000 dollars to appear at said next term of said *Jefferson* Circuit Court to answer to said charge; and said *Stapp*, mayor, then and there required said *Henry*, *Thomas* and *Eli* to enter into a joint bond for their, and each of their, appearance as aforesaid in said penalty, with security; whereupon said *Thomas*, *Eli* and *Henry*, with their said security, to obtain their release from the custody of the said officers of the law, did enter into said recognizance, as they were compelled to do."

The third plea was substantially like the second.

Demurrers were sustained to the second and third pleas. The issue on the first was tried. Judgment for the state.

The ground of objection taken by the plaintiffs in error is, that the recognizance is invalid because a joint one, against their consent. In other words, they contend that the Court could not require them to enter into a joint recognizance.

No authority is cited to sustain the position, and none has fallen under our notice.

The defendants below, the plaintiffs in error, were charged with, and found guilty of, the joint commission of murder. If jointly indicted, the Court might, as the law then stood, require them to be tried jointly, and, hence, we see no good reason why they should not be required by the examining magistrate to enter into a joint obligation to appear for such trial.

We have seen no authority on the point.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Marshall*, for the plaintiff.

*J. W. Chapman*, for the state.